UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CASE NO. 4:08-cv - _____ - _____

| | | |
|---|---|---|
| Donnie Larrimore, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| AVCO Corporation, Paul Revere | ) | |
| Corporation, Textron, Inc., Allied Products | ) | |
| Corporation, New Idea Corporation, | ) | |
| Marion County EMS and Omni Transport | ) | |
| Systems, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Come the Defendants, AVCO Corporation and Textron Inc., by counsel, and hereby file this

Notice of Removal of the above captioned action from the Marion County Court of Common Pleas

to the United States District Court for the District of South Carolina, Florence Division.  In support

of this Notice of Removal, Defendants state as follows:

1.    Petitioners are defendants in a civil action brought against them in the Court of

Common Pleas, Marion County, South Carolina, entitled "Donnie Larrimore, Plaintiff v. AVCO

Corporation, Paul Revere Corporation, Textron Inc., Allied Products Corporation, New Idea

Corporation, Marion County EMS and Omni Transport Systems, LLC, Defendants," being Civil

Action No. 2008-CP-33-342 in that court.

2.    The Plaintiff filed his Complaint in the Court of Common Pleas, Marion County,

South Carolina on August 25, 2008.  On October 10, 2008, the Defendants AVCO Corporation and

Textron Inc. filed their Answers in the Marion County Court of Common Pleas.  On October 10,

2008, the Defendant, Omni Transport Systems, LLC filed its Answer to the Complaint in the Marion

County Court of Common Pleas.  To the knowledge of these Defendants, no other answer or other responsive pleading has been filed in that court.  A copy of the Complaint and Answers representing all process, pleadings and orders served upon these Defendants in this action to date are attached hereto as Exhibit A in compliance with 28 U.S.C. § 1446(a).

3.      This action filed by Plaintiff in the Marion County Court of Common Pleas is removable to this court under 28 U.S.C. § 1441 as a controversy between citizens of different states as shown by the following:

a.      Plaintiff, at the time of the commencement of this action and at all times since, up to and including the filing of this Notice of Removal, is a citizen of the state of South Carolina, with his residence in Marion County, South Carolina.

b.      AVCO Corporation, at the time of the commencement of this action and at all times since, up to and including the filing of this Notice of Removal, was and is a Delaware corporation with its principal place of business in Providence, Rhode Island and was not at the time of the commencement of this action nor at any time thereafter, up to and including the present time, a citizen of the state of South Carolina.

c.      Textron Inc., at the time of the commencement of this action and at all times since, up to and including the time of the filing of this Notice of Removal, was and is a Delaware corporation with its principal place of business in Providence, Rhode Island and was not at the time of the commencement of this action nor at any time thereafter, up to and including the present time, a citizen of the state of South Carolina.

d.      Upon information and belief, Petitioners states that The Paul Revere Corporation was a former Delaware corporation with its principal place of business in Providence,

2

Rhode Island, but that this corporation was dissolved on December 31, 1987, as filed of record with the Delaware Secretary of State on March 4, 1988. Therefore, this corporation and no longer exists as a separate entity. This dissolved corporation should be disregarded for purposes of diversity jurisdiction. Petitioners state upon information and belief that Plaintiff has attempted service upon a Massachusetts company of similar name with that has its principal place of business in Worchester, MA, but that this non-resident corporation should likewise be disregarded for purposes of diversity jurisdiction.

e.     Upon information and belief, the defendant corporation listed in the style of this action as "New Idea Corporation" is not an existing separate legal entity, nor to the knowledge of these defendants is it an organization which has been served in this civil action.

f.     These Petitioners state upon information and belief that Allied Products Corporation was a Delaware corporation with its principal place of business in Chicago, Illinois, but according to the records of the South Carolina Secretary of State was dissolved as of May 21, 2001. This dissolved corporation should be disregarded for purposes of diversity jurisdiction.

g.     Petitioners state that the Defendant, Omni Transport Systems, LLC, at  the time of the commencement of this action and at all times since, up to and including the filing of this Notice of Removal, was a Nevada corporation with its principal place of business in Dallas, Texas and was at no time relevant to this action, a citizen of the state of South Carolina.

h.     Petitioners state that AVCO Corporation, Textron Inc., and Omni Transport Systems, Charleston, LLC are the only defendants properly named and served, and therefore this action is removable under 28 U.S.C. § 1441(b).

3

4.    a.    Petitioners state upon information and belief that Marion County EMS is a subdivision of the state of South Carolina in Marion County, South Carolina.  However, Marion County EMS's citizenship must be disregarded for the purpose of effecting this removal of this case, because the Marion County EMS has been joined as a sham defendant, *i.e.,* a defendant against which liability will not be adjudged as a matter of law, in order to attempt to defeat diversity of citizenship jurisdiction of this court.  28 U.S.C. § 1441(b) provides that only the citizenship of those defendants properly joined is to be considered in determining whether diversity of citizenship exists.  Plaintiff has failed to state a cause of action against Marion County EMS under South Carolina law.

b.    Plaintiff asserts in this complaint that the Marion County EMS was established and organized pursuant to and existing under the laws of the state of South Carolina, as well as regulations promulgated pursuant to South Carolina law and professional standards incorporated within such regulations and laws.  Petitioners state upon information and belief, the Marion County EMS was established pursuant to South Carolina Code § 44-61-10 and South Carolina Regulations promulgated by the Division of Emergency Medical Services as No. 61-7.  Petitioners state that pursuant to the "Public Duty Rule" as applied in Steinke v. South Carolina Department of Labor, Licensing and Regulation, 336 S.C. 373, 520 S.E.2d 142 (1999) and Platt v. CSX Transportation, Inc., 379 S.C. 249, 665 S.E.2d 631 (S.C. App. 2008) public officials operating through the Marion County EMS are not liable to an individual plaintiff for alleged negligence in discharging public duties, as their duty is owed to the public at larger rather than to any person individually.

c.      Petitioners state that because the Marion County EMS has been joined as a sham defendant, its citizenship must be disregarded in determining whether diversity of citizenship exists.  Calbaceta v. Standard Fruit Company, 883 F.2d 1553 (11th Cir. 1989).

d.      Upon information and belief, Petitioners state that the amount in controversy in the within action exceeds the sum of $75,000.00, exclusive of interest and costs, and is a civil action brought in a state court over which the United States District Court has original jurisdiction, because there is both diversity of citizenship between the parties and the amount in controversy meets the monetary requirements under 28 U.S.C. § 1332(a).

5.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1441 et seq. within 30 days after September 15, 2008, being the date upon which AVCO Corporation and Textron Inc. first received the complaint of this action setting out the allegations in this matter through service of process upon CT Corporation.

6.      Defendant, Omni Transport Systems,  Charleston, LLC, also consents to this removal, as is indicated by the signature of counsel for Omni Transport Systems, Charleston, LLC, affixed below.

Wherefore, the Defendants, AVCO Corporation, Textron Inc., and Omni Transport Systems, Charleston, LLC respectfully request that this Notice of Removal be filed, that Civil Action No. 2008-CP-33-0342 in the Court of Common Pleas, Marion County, South Carolina, be removed to and proceed in this court, and that no further proceedings be had in said case in the Marion County Court of Common Pleas.

This the 14th day of October, 2008.

AIKEN, BRIDGES, NUNN, ELLIOT
   & TYLER, P.A.

BY:   */s/ Michael M. Nunn*
       MICHAEL M. NUNN
       Federal ID Number 2560
       181 East Evans Street, Suite 409
       Post Office Drawer 1931
       Florence, SC  29503
       Tel:    (843) 669-8787
       Fax:    (843) 664-0097
       E-mail: mmn@aikenbridges.com

       Of Counsel

       LARRY C. DEENER
       LANDRUM & SHOUSE
       P. O. Box 951
       Lexington, KY 40588-0951
       Telephone:  (859) 255-2424

   ATTORNEYS FOR DEFENDANTS,
   AVCO CORPORATION and
   TEXTRON INC.

WE CONSENT:

HOOD LAW FIRM, LLC

By:    */s/ Robert H. Hood*
       ROBERT H. HOOD
       JAMES B. HOOD
       172 Meeting Street
       Post Office Box 1508
       Charleston, SC 29402
       Tel:    (843) 577-4435
       Fax:    (843) 722-1630
       E-mail: Bobby.hood@hoodlaw.com
               James.hood@hoodlaw.com

ATTORNEYS FOR DEFENDANT,
OMNI TRANSPORT SYSTEMS
CHARLESTON, LLC

6