STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF MARION )

Donnie Larrimore, ) CIVIL ACTION COVERSHEET
　　　　　　　Plaintiff(s) )
　　　　　　　　　　　　　　　　　　　) 08-CP- 33-3**2**
vs. )
　　　　　　　　　　　　　　　　　　　)
Avco Corporation, Paul Revere Corporation, Textron, )
Inc., Allied Products Corporation, New Idea )
Corporation, Marion County EMS and Omni )
Transport Systems, LLC, )
　　　　　　　Defendant(s) )

(Please Print)
Submitted By: D. Nathan Hughey, Esquire　　　　SC Bar #:
Address: Post Office Box 348, Mt. Pleasant, SC 29465-0348　　　Telephone #: (843) 881-8644
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax #: (888) 884-8311
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Other:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　E-mail: nhughey@hugheylawfirm.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

[X] JURY TRIAL demanded in complaint.　　　[ ] NON-JURY TRIAL demanded in complaint.
[ ] This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[X] This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| [ ] Constructions (100) | [ ] Dental Malpractice (200) | [ ] Assault/Slander/Libel (300) | [ ] Claim & Delivery (400) |
| [ ] Debt Collection (110) | [ ] Legal Malpractice (210) | [ ] Conversion (310) | [ ] Condemnation (410) |
| [ ] Employment (120) | [ ] Medical Malpractice (220) | [ ] Motor Vehicle Accident (320) | [ ] Foreclosure (420) |
| [ ] General (130) | [ ] Notice/ File Med Mal (230) | [ ] Premises Liability (330) | [ ] Mechanic's Lien (430) |
| [ ] Breach of Contract (140) | [ ] Other (299) | [X] Products Liability (340) | [ ] Partition (440) |
| [ ] Other (199) | | [X] Personal Injury (350) | [ ] Possession (450) |
| | | [ ] Wrongful Death (360) | [ ] Building Code Violation (460) |
| | | [ ] Other (399) | [ ] Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| [ ] PCR (500) | [ ] Death Settlement (700) | [ ] Reinstate Driver's License (800) | [ ] Arbitration (900) |
| [ ] Mandamus (520) | [ ] Foreign Judgment (710) | [ ] Judicial Review (810) | [ ] Magistrate-Civil (910) |
| [ ] Habeas Corpus (530) | [ ] Magistrate's Judgment (720) | [ ] Relief (820) | [ ] Magistrate-Criminal (920) |
| [ ] Other (599) | [ ] Minor Settlement (730) | [ ] Permanent Injunction (830) | [ ] Municipal (930) |
| | [ ] Transcript Judgment (740) | [ ] Forfeiture-Petition (840) | [ ] Probate Court (940) |
| | [ ] Lis Pendens (750) | [ ] Forfeiture—Consent Order (850) | [ ] SCDOT (950) |
| | [ ] Other (799) | [ ] Other (899) | [ ] Worker's Comp (960) |
| | | | [ ] Zoning Board (970) |
| | | | [ ] Administrative Law Judge (980) |
| | | | [ ] Public Service Commission (990) |

| Special/Complex /Other | | |
|---|---|---|
| [ ] Environmental (600) | [ ] Pharmaceuticals (630) | [ ] Employment Security Comm (991) |
| [ ] Automobile Arb. (610) | [ ] Unfair Trade Practices (640) | [ ] Other (999) |
| [ ] Medical (620) | [ ] Out-of State Depositions (650) | |
| [ ] Other (699) | [ ] Sexual Predator (510) | |

Submitting Party Signature: 　　　Date: 8/20/08

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) |
| COUNTY OF MARION | ) |
| | ) |
| Donnie Larrimore, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) SUMMONS |
| Versus | ) |
| | ) |
| Avco Corporation, Paul Revere Corporation, | ) |
| Textron, Inc., Allied Products Corporation, New | ) |
| Idea Corporation, Marion County EMS and Omni | ) |
| Transport Systems, LLC, | ) |
| | ) |
| Defendants | ) |



FILED 2008 AUG 25 A 11:35
MARION COUNTY SC
SHERRI R. RHODES
CLERK
BOOK____ PAGE____

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is hereby served upon you, and to serve a copy of your Answer to the said Complaint to said Plaintiff's attorneys D. Nathan Hughey, at his office located at 767 Coleman Boulevard, Unit 2, Post Office Box 348, Mt. Pleasant, South Carolina 29465-0348, within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to do so, judgment by default will be rendered against you for the relief demanded in the Complaint.

HUGHEY LAW FIRM, LLC

*[signature]*

D. Nathan Hughey
Summer D. Eudy
767 Coleman Blvd, Unit 2
Post Office Box 348
Mount Pleasant, SC 29465-0348
Telephone: (843) 881-8644
Facsimile: (888) 884-8311
nhughey@hugheylawfirm.com

Ian D. Maguire
FENNEL & MAGUIRE
607 Briarwood Drive, Suite 1
Myrtle Beach, SC 294572
Telephone: (843) 361-7549
Facsimile: (843) 361-7048

Attorneys for the Plaintiff

8/20, 2008
Mount Pleasant, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF MARION ) | |
| ) | |
| Donnie Larrimore, ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT |
| Versus ) | (Jury Trial Demanded) |
| ) | |
| Avco Corporation, Paul Revere Corporation, ) | |
| Textron, Inc., Allied Products Corporation, New ) | |
| Idea Corporation, Marion County EMS and Omni ) | |
| Transport Systems, LLC, ) | |
| ) | |
| Defendants ) | |



The Plaintiff, Donnie Larramore, complaining of the Defendants, Avco Corporation, Paul Revere Corporation, Textron, Inc., Allied Products Corporation, New Idea Corporation, Marion County EMS and Omni Transport Systems, LLC, alleges as follows:

1. The Plaintiff is a citizen and resident of Marion County, South Carolina.

2. Upon information and belief, the Defendant, Avco Corporation ("Avco"), is or was a domestic corporation organized under the laws of a state other than South Carolina that conducted business in South Carolina and engaged in the business of manufacturing and selling products, including corn pickers, for use.

3. Upon information and belief, the Defendant, Paul Revere Corporation ("PRC") is or was a domestic corporation under the laws of a state other than South Carolina that conducted business in South Carolina and accepted the potential liabilities of Avco and engaged in the business of manufacturing and selling products, including corn pickers, for use.

4. Upon information and belief, the Defendant, Textron, Inc. ("Textron"), is a domestic corporation under the laws of a state other than South Carolina and accepted the potential liabilities of Avco, Paul Revere, and NIC that conducted business in South Carolina and engaged in the business of manufacturing and selling products, including corn pickers, for use.

5. Upon information and belief, the Defendant, New Idea Corporation ("NIC") is or was a domestic corporation under the laws of a state other than South Carolina and accepted that the

potential liabilities of Avco, Paul Revere and Textron and engaged in the business of manufacturing and selling products, including corn pickers, for use.

6. Upon information and belief, the Defendant, Marion County EMS ("EMS"), is a corporation organized and existing under the laws of the state of South Carolina with its principle place of business in Marion County, South Carolina.

7. Upon information and belief, the Defendant, Omni Transport Systems, LLC ("Omni"), is a domestic corporation organized and existing under the laws of the state of South Carolina with its principle place of business in Marion County, South Carolina.

8. Venue is proper in this court, and this court has both subject matter and personal jurisdiction over all claims.

9. On or about September 10, 2006, the Plaintiff was working on his farm when, through no fault of his own, while operating a AVCO, PRC, TEXTRON, and NIC corn picker as intended and in a foreseeable manner, his glove and two of his fingers became lodged in the corn picker's blades.

10. The corn picker was powered by means of a power take off on a tractor.

11. The corn picker offered no way to disengage the power to the blades from the corn picker itself, particularly if one's fingers were caught in the corn picker's blades.

12. The Plaintiff was unable to free his fingers, but he was able to use his other hand to call the Defendant.

13. The Plaintiff placed several phone calls to EMS, but EMS refused to dispatch anyone to the Plaintiff's location.

14. Phone records will show that EMS returned the Plaintiff's call at 3:35 p.m. on September 10, 2006.

15. EMS failed to assign anyone to the Plaintiff's claim until 3:53 p.m., all the while the Plaintiff's fingers continued to be pulled until his hand was stuck in the corn picker.

16. EMS failed to dispatch anyone to the Plaintiff's location until 3:57 p.m.

17. EMS failed to arrive at the scene until 4:10 p.m.

18. The Plaintiff's sister continued to contact EMS, who continued to refuse to provide assistance.

19. EMS was aware that the Plaintiff's fingers and hand were stuck in the corn picker as indicated by records as of 4:08 p.m.

20. Omni failed to dispatch until 4:30 p.m.

21. Omni failed to arrive at the scene until 4:47 p.m.

22. The Defendants failed to transport the Plaintiff until 4:54 p.m.

23. The Plaintiff, as a result, lost his hand, suffered injuries including but not limited to the loss of his hand, pain and suffering, anxiety, loss of enjoyment of life, future susceptibility to injury, lost wages, and medical bills.

### FOR A FIRST CAUSE OF ACTION
(Negligence / Gross Negligence as to EMS and Omni)

24. The Plaintiff repeats and realleges all other allegations contained in this Complaint as fully as if they were set forth in their entirety in this claim for relief.

25. The Defendants EMS and Omni owed a duty to the Plaintiff as providers to act in a reasonable fashion and provide timely care to the Plaintiff in that of similarly providers.

26. The Defendants EMS and Omni willfully, wantonly, recklessly, and grossly negligently breached that duty in the following particulars:

    a. In failing to properly communicate with the Plaintiff;
    b. In failing to timely transport the Plaintiff;
    c. In failing to properly treat the Plaintiff;
    d. In failing to develop adequate policies and procedures;
    e. In failing to develop hire adequate personnel;
    f. In failing to properly train personnel; and
    g. In such other particulars that may be shown through discovery of a trial;

27. The Defendants EMS and Omni failed to comply with the standard of care applicable to similarly situated emergency medical personnel.

28. As a direct and proximate result of the Defendants EMS and Omni's acts and omissions, the Plaintiff suffered injuries including but not limited to the loss of his hand, pain and suffering, anxiety, loss of enjoyment of life, future susceptibility to injury, lost wages, and medical bills.

## FOR A SECOND CAUSE OF ACTION
(Fraud / Misrepresentation / Spoliation as to EMS)

29. The Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

30. The Defendant EMS, through deception, artifice, and circumvention, successfully defrauded Plaintiff, who trustingly submitted to care at EMS on the basis of explicit and implicit representations:

   a. That the Defendant EMS would comply with those licensure requirements, regulations, laws and professional standards designed to assure the Plaintiff received safe and adequate care;

   b. That the Defendant EMS would adequately staff the company and he would enjoy confident and adequately trained employees and safe equipment;

   c. That the Defendant EMS would provide high quality professional care and would accurately and truthfully document the condition of the Plaintiff and the care rendered to Jim;

   d. Such other misrepresentations as may are set forth above in this Complaint or as may later be set forth;

31. At the time of the Plaintiff's submission to care, the Defendant EMS promoted and disseminated the above representations and information which would lead the Plaintiff, and other similarly situated consumers to believe the above representations were true.

32. The Defendant EMS purposefully disseminated such representations and promotions in order to induce the Plaintiff, and others into placing themselves in the exclusive control and custody of the Defendants.

33. The Defendant EMS fraudulently concealed their failure and inability to care for the Plaintiff according to acceptable standards required by law and represented by the Defendants, and the representations made were false, in particular in spoliating and fraudulently altering phone records to show different times than when the Plaintiff first called.

34. The representations made and concealments done by the Defendant EMS were material to the Plaintiff's care and the Plaintiff's case.

35. At the time the Defendants made such representations, they knew such affirmative claims of service were false.

36. The Plaintiff was unaware of the falsity of the representations made by the Defendant EMS.

37. The Plaintiff had a right to rely on the representations and concealments made by the Defendant EMS.

38. As a result of the Defendant EMS' fraud, misrepresentations and concealments, the Plaintiff subsequently suffered damages and injuries.

### FOR A THIRD CAUSE OF ACTION
(Products Liability / Strict Liability and/or Negligence as to AVCO, PRC, TEXTRON, and NIC)

39. The Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

40. The Defendants AVCO, PRC, TEXTRON, and NIC manufactured and placed defective products, unreasonably dangerous, including the corn picker in question into the stream of commerce which were ultimately used by the Plaintiff.

41. The Defendants AVCO, PRC, TEXTRON, and NIC were engaged in the business of selling such products.

42. The products were expected to and did reach the user or consumer, the Plaintiffs, without substantial change in the condition in which they were sold.

43. Thus, even if the Defendants AVCO, PRC, TEXTRON, and NIC had utilized care in the preparation and sale of the products, a duty which the Defendants AVCO, PRC, TEXTRON, and NIC owed and breached, which is denied, the Defendants would be liable to the Plaintiffs for their conduct.

44. The Defendants AVCO, PRC, TEXTRON, and NIC's products were further in a defective condition, to the extent beyond that which would be contemplated by the ordinary purchaser who purchases it, with the ordinary knowledge common to the community as to its characteristics, unreasonably dangerous for their intended use.

45. The Defendants AVCO, PRC, TEXTRON, and NIC's products were in essentially the same condition as when they left the Defendants AVCO, PRC, TEXTRON, and NIC's control at the time of the incident.

46. The defective and unreasonably dangerous condition of the product proximately caused the Plaintiff's injuries.

47. As a direct and proximate result of the Defendants AVCO, PRC, TEXTRON, and NIC's negligence, recklessness, willfulness and wantonness, the Plaintiff suffered severe injuries as described above.

### FOR A FOURTH CAUSE OF ACTION
(Failure to Warn as to AVCO, PRC, TEXTRON, and NIC)

48. The Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

49. The Defendants AVCO, PRC, TEXTRON, and NIC manufactured and placed defective products including the lift in question into the stream of commerce which were ultimately used by the Plaintiff.

50. The Defendants AVCO, PRC, TEXTRON, and NIC had reason to believe that the users would not realize the potential, hidden dangers associated with the products.

51. The Defendants failed to exercise reasonable care to inform of the dangerous condition or of the facts which made the products likely to be dangerous.

52. As a direct and proximate result of the Defendants AVCO, PRC, TEXTRON, and NIC's negligence, recklessness, willfulness and wantonness in failing to warn, the Plaintiff suffered severe injuries as described above.

### FOR AN FIFTH CAUSE OF ACTION
(Breach of Implied Warranty of Merchantability as to AVCO, PRC, TEXTRON, and NIC)

53. The Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

54. The Defendants AVCO, PRC, TEXTRON, and NIC are merchants selling goods to the Plaintiff or which arrived in the Plaintiff's hands in substantially the same condition as when they left the hands of the Defendants.

55. The goods were not "merchantable" at the time of sale.

56. The Plaintiff was injured by such goods.

57. The defect or other condition amounting to a breach of the implied warranty of merchantability proximately caused the injuries and damages referenced above.

58. The Plaintiff suffered damage and is entitled to actual and punitive damages due to the Defendants AVCO, PRC, TEXTRON, and NIC'S actions.

### FOR A SIXTH CAUSE OF ACTION
(Breach of Implied Warranty of Fitness for a Particular Purpose as to AVCO, PRC, TEXTRON, and NIC)

59. The Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

60. The Defendants AVCO, PRC, TEXTRON, and NIC are merchants selling goods to the Plaintiff or which arrived in the Plaintiff's hands in substantially the same condition as when they left the hands of the Defendants.

61. The goods were not fit for the particular purpose for which they were manufactured.

62. The Plaintiff was injured by such goods.

63. The defect or other condition amounting to a breach of the implied warranty of merchantability proximately caused the injuries and damages referenced above.

### FOR A SEVENTH CAUSE OF ACTION
(Violation of the South Carolina Unfair Trade Practices Act
as to all Defendants)

64. The Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

65. The Plaintiff and Defendants are "persons" within the meaning of Section 39-5-10(a), Code of Laws of South Carolina, 1976, as amended.

66. The Defendants, by conducting business in the state of South Carolina, are engaged in commerce within the meaning of Code Section 39-5-10(b).

67. The Defendants' actions described in this Complaint constitute unfair and deceptive practices within the meaning of Code Section 39-5-20(a), including but not limited to those acts referenced above.

68. The Defendant's acts are capable of repetition, and, upon information and belief, have been repeated with other residents.

69. The Defendants' conduct adversely affects the public interest of South Carolina.

70. The Defendants knew or reasonably should have known their conduct violated the Unfair Trade Practices Act.

71. As a direct, foreseeable, and proximate result of Defendants' unfair and deceptive practices, the Plaintiff has suffered an ascertainable loss of money, physical injuries, pain and suffering as previously alleged.

72. The Plaintiff is entitled to recover his actual damages, which amount should be trebled, pursuant to South Carolina law, together with interest and attorneys' fees.

WHEREFORE, the Plaintiff prays for judgments against the Defendant as set forth herein, both for actual damages, in an amount sufficient to compensate for all losses set forth herein, past, present and future, and punitive, in an amount sufficient to impress upon the Defendant the seriousness of its conduct and to deter such similar conduct in the future, together with such additional relief as the court deems just and proper.

HUGHEY LAW FIRM, LLC

*D. Nathan Hughey*

D. Nathan Hughey
Summer D. Eudy
767 Coleman Blvd, Unit 2
Post Office Box 348
Mount Pleasant, SC 29465-0348
Telephone: (843) 881-8644
Facsimile: (888) 884-8311
nhughey@hugheylawfirm.com

Ian D. Maguire
FENNEL & MAGUIRE
607 Briarwood Drive, Suite 1
Myrtle Beach, SC 294572
Telephone: (843) 361-7549
Facsimile: (843) 361-7048

Attorneys for the Plaintiff

8/20, 2008
Mount Pleasant, South Carolina

